UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE W. CARLISLE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV2417 CDP |
| | ) |
| ST. CHARLES SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

I entered summary judgment in favor of defendant on April 2, 2007. That same day *pro se* plaintiff George W. Carlisle, Jr. filed a motion seeking free access to the PACER system. I will deny the request. This Court does not allow *pro se* parties to use the PACER system for filings. We have public terminals in the Clerk's office which any person, including a *pro se* party, may use without charge to view the electronic court file. Thus, Carlisle can come to the Clerk's office and access any of his many lawsuits for free at any time, although he – like all other *pro se* litigants – cannot file matters using the electronic system.

Carlisle asserts that his reliance on the mails has prejudiced him, but his statements are contradicted by the record in this case. On each occasion when he

was required to respond to something served on him by mail, he did so in a timely manner. He states that documents have been received after the required response time, but this cannot be true, because, for each instance where his response time was calculated under the Local and Federal Rules, he filed the document earlier than the deadline. See docket Number 28 (response to motion to compel filed on 11/8/06, but response was not due until 11/14/06 – Local Rule 7-4.01(B) allows 5 days for response, Federal Rule 6(e) adds 3 days for mailing, total is 8 days, which is less than 11, so under Federal Rule 6(a) weekends are excluded from the count).

Plaintiff did miss other deadlines and failed to appear for at least one court hearing. The deadlines he missed, however, were dates specifically set by the court in orders which he admittedly received. He incorrectly argued that he was allowed to add three days to the specific deadlines ordered by the court. As explained in my order granting summary judgment, this is simply wrong, and nothing in the Federal Rules or any other rule says that a party can add three days to a specific deadline set by court order. Even though plaintiff filed several responses late, however, I still considered them, so he was certainly not prejudiced.

Finally, plaintiff is a very experienced *pro se* litigant and ought to know the rules by now. According to his motion he has eight pending cases. According to

court records, he has filed several other cases even before the latest eight.

**IT IS HEREBY ORDERED** that plaintiff's motion for free PACER access [#52] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2007.