UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GEORGE W. CARLISLE, JR.,     | ) |                            |
|------------------------------|---|----------------------------|
|                              | ) |                            |
| Plaintiff,                   | ) |                            |
|                              | ) |                            |
| vs.                          | ) | Case No. 4:05CV2417 CDP   |
|                              | ) |                            |
| CITY OF ST. CHARLES          | ) |                            |
| SCHOOL DISTRICT,             | ) |                            |
|                              | ) |                            |
| Defendant.                   | ) |                            |

## MEMORANDUM AND ORDER

I granted summary judgment in favor of defendant in this employment discrimination case on April 2, 2007. In the judgment I directed that defendant, as the prevailing party, recover its costs from plaintiff. The parties have now filed several post-judgment motions.

Plaintiff filed a "Motion to Modify Summary Judgment Order" (docketed by the clerk as a Motion to Reconsider) in which he asserts that the ruling was wrong and that there are disputed facts. He later filed a proposed Memorandum and Order which further argues that my original ruling was wrong. None of plaintiff's filings have provided anything new. He argues that he just wanted to point out that my decision was wrong, but that is what the Court of Appeals is for. Plaintiff's habit of filing motions to reconsider every time summary judgment is

granted against him is not appropriate.[1]  He has presented nothing new, and the "Motion to Modify" will be denied.

Defendant has filed its bill of costs, and the costs set out there are allowed by the statute and are reasonable.  The deposition was not overly lengthy, and plaintiff was responsible for paying for the photocopies at issue.  All of the discovery sought was relevant, and it appears that defendant's counsel were careful not to run up unnecessary expenses.  I was aware of plaintiff's financial situation when I entered the order of costs, and I frequently exercise discretion not to award costs to *pro se* or other parties.  In this case, however, plaintiff's claims were completely without any evidentiary basis.  He essentially argues that any time a white person is hired instead of him, he is entitled to a jury trial.  That is not the law, and if plaintiff wishes to file baseless lawsuits, he should know that he will be required to pay the costs, at least.  I will overrule plaintiff's objections to the bill of costs.

Finally, defendants seek an award of attorneys' fees for plaintiff's continued filings in this case.  Each time plaintiff makes another meritless filing, defendant is forced to incur attorneys fees by responding to it.  Although I believe plaintiff's

---

[1] As defendant correctly points out, plaintiff is a frequent filer, having filed ten suits in this court over the years, sometimes filing multiple cases on the same day.  He has been granted leave to sue *in forma pauperis* numerous times.

conduct in this case probably meets the standard for fee shifting, I will not order that he pay defendant's attorneys fees.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for bill of costs [#53, 54] is granted, and the Clerk of Court shall tax the requested costs in defendant's favor.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration [#59], defendant's motion to strike [#62] and defendant's motion for attorneys fees [#64] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2007.